The CITIZENS NATIONAL BANK OF
WACO et al., Appellants,

v.

Joe W. ALEXANDER, Assessor & Collector
of Taxes for McLennan County,
Texas, et al., Appellees.

No. 16379.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 28, 1962.

Rehearing Denied Jan. 11, 1963.

Richey, Sheehy, Teeling & Cureton, and W. E. Cureton, Waco, for appellants.

Dunnam, Dunnam & Dunnam, and W. V. Dunnam, Jr., Waco, for appellees.

MASSEY, Chief Justice.

Suit was instituted by The Citizens National Bank of Waco and Walter G. Lacy, Jr., shareholder and as representative of all the shareholders in said bank. Suit was brought against Joe W. Alexander, Assessor and Collector of Taxes for McLennan County, Texas, the County of McLennan, and the County Judge and others constituting the Board of Equalization for said County. Plaintiffs' attack was upon the method used by said Board in assessing the value of the shares of stock in The Citizens National Bank. It was the contention of plaintiffs that Joe Alexander, as Tax Assessor and Collector, acting in an arbitrary manner, adopted a fundamentally wrong method for said assessment, as result of which each share of bank stock was treated as having the market value of $41.20, when each share of stock actually had a fair market value, in cash, in McLennan County, at the time of the assessment, of $25.00 per

share. Like complaint was made of the action of the Board in adopting the figure of $41.20.

Trial was to a jury. In the charge the term "fair market value" was defined as the price which could be obtained therefor at private sale, and not at forced or auction sale, at the place where the property, to which the term is applied, shall be at the time of such assessment. The jury found that the shares of stock in question did have a fair market value in McLennan County on January 1, 1961, that said market value, in cash, was the amount of $41.20 per share, and that the Board of Equalization of McLennan County, in assessing the taxable value of the shares of stock of said bank for the year 1961, did use the fair market value, in cash, of such stock as the basis for making such assessment.

Based upon said verdict, judgment was rendered that plaintiffs recover none of the relief for which they prayed, and the Board's valuation and assessment was in no respect altered.

In our review of the action of the trial court we take note that plaintiffs were attacking directly the valuation fixed upon the shares of stock by the Board of Equalization. They desired a declaration that a fundamentally wrong method and scheme for assessing the value thereof had been adopted to their material injury, and an injunction.

It is now well settled that the assessment of property for tax purposes is a quasi-judicial function of boards of equalization and that no attack on valuations fixed by such boards can or will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation;—and that when there is an attack upon official action of such boards it will be presumed that the boards discharged their duties as public agencies according to law, and that they acted in good faith. State v. Whitten-

burg, 1954, 153 Tex. 205, 265 S.W.2d 569, and cases cited.

■ In the instant case plaintiffs failed to overcome the presumption that the Board of Equalization of McLennan County acted in good faith and discharged its duties as such public agency according to law. It is true that plaintiffs made out a prima facie case that a different valuation placed upon the shares of stock would have been proper, but such evidence would not establish that the valuation placed upon said shares by the Board was improper.

Plaintiffs having plead that the Board adopted a fundamentally wrong method of assessment, resulting in a valuation prejudicial to their interests, their cause of action could not be said to have been established if there was wanting in their evidence proof of the principle or method the Board actually used in making the assessment. Proof in this respect was not made, and neither was it established that evidence considered by the Board did not include evidence of cash stock sale transactions on or about the date as of which the market value of the stock was determinable. By way of stipulation was shown the extent of the evidence introduced before the Board by plaintiffs but there was no evidence showing the extent of the evidence placed before the Board by McLennan County. We do know that Joe W. Alexander, McLennan County Tax Assessor and Collector, did testify.

Should we assume that the whole of McLennan County's evidence before the Board was that of Mr. Alexander we believe that his opinion upon the matter of value, per share, of plaintiff's stock was properly admitted as having probative force and value sufficient for a decision of value to be founded thereon.

In the trial court Mr. Alexander testified that he was experienced in the determination of market value of property of the nature of plaintiffs' stock in McLennan County, Texas. He was allowed to give his opinion of the value. Additional evidence showed generally that for the calculation he actually made of the value per share of plaintiffs' stock when he proceeded to perform his duties as assessor of taxes he actually took plaintiffs' own figures concerning the total value of their whole property (ownership of which was represented by shares of stock) and divided that figure by the number of shares, treating the resulting figure as the actual cash market value per share. The figure thus calculated was the identical figure as that he testified was in his opinion the actual cash market value per share.

Mr. Alexander's credibility, and the weight to be given his opinion testimony on market value, was for the jury in this instance. His testimony supported the jury finding returned even though he admitted that he knew of no actual sales of shares of stock, and despite proof from other witnesses that such shares were actually being bought and sold at a price of $25.00 per share. Indeed, in view of the very broad latitude allowed boards of equalization in determining the value of property, we are of the opinion that the Board would have violated no rule of propriety had evidence in the case established that it determined the actual cash market value per share of plaintiffs' stock by the same calculation as made by Alexander when he made the assessment. Exporters & Traders Compress & Warehouse Co. v. City of Marlin, 1939 (Texas Civ.App., Waco), 130 S.W.2d 860, writ dism., judgment correct.

Judgment is affirmed.